UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-60378-WPD

LEONARDO SILVA OLIVEIRA,

Plaintiff,

vs.

CITY OF COCONUT CREEK, GREGORY TONY,
As Sheriff of Broward County, FLORIDA DEPARTMENT
OF CORRECTIONS, and SGT. FRANCIS MCMANUS,
PROBATION OFFICER KATHY NORTON AND OTHER
OFFICERS, DEPUTIES and/or OTHER EMPLOYEES,
individually,

Defendants.
_______________________________________________/

**DEFENDANTS FLORIDA DEPARTMENT OF CORRECTIONS AND OFFICER KATHY NORTON'S STATEMENT OF UNDISPUTED GENUINE FACTS**

Defendants FLORIDA DEPARTMENT OF CORRECTIONS ("FDOC" or the "Department") and OFFICER KATHY NORTON ("Officer Norton") (collectively, "Defendants") by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed.R.Civ.P. 56 and S.D. Fla. L.R. 7.1 and 56.1(a), hereby file this Statement of Undisputed Genuine Facts, as follows:[1]

[1] The Defendants have also filed simultaneously herewith its Appendix of Summary Judgment Exhibits which are incorporated herein.

## I. UNDISPUTED GENUINE MATERIAL FACTS

1. Plaintiff filed the instant lawsuit containing three (3) counts, of which only two remain as to FDOC and Officer Norton, to wit: Count I – False arrest against FDOC; and Count II – Violation of Fourth Amendment rights under Section 1983 against, *inter alia*, Officer Norton. [D.E. 17].

2. On January 20, 2022, Plaintiff was arrested pursuant to a warrant for violation of probation issued in Palm Beach County, Florida for a Mr. Leonardo Silva Oliveira. (*See* City of Coconut Creek Police Department ("CCPD") Arrest Form attached hereto as Exhibit "1").

3. The warrant was issued by a Palm Beach County judge on August 22, 2018. *See* Warrant attached hereto as Exh. 2 and Officer Norton Affidavit at ¶ 14, attached hereto as Exhibit "3").

4. In obtaining the warrant, on August 16, 2018, Officer Norton, a probation officer with FDOC, executed the Affidavit for a Violation of Probation Warrant in response to a report that the probationer had violated his probation. *See* Exh. 3 at ¶ 3.

5. While executing the affidavit, Officer Norton was acting within the scope of her discretionary duties with the FDOC. *See* Exh. 2, D.E. 17 at ¶ 10 and Plaintiff's Jan. 14, 2025, Deposition Transcript at 129:16-20 attached hereto as Composite Exhibit "4."

6. In executing the affidavit, Officer Norton took the information from the FDOC file of the probationer that contained the personal information from the accessible law enforcement ("LEO") databases which include the Drive and Vehicle Information Database ("DAVID") and the PALMS system. *See* Exh. 3 at ¶¶ 6, 7, 12, 13

7. The DAVID information comes from the Florida Department of Motor Vehicles, not FDOC, and includes the driver's license number, automobile license plates, addresses, and even social security numbers. *See* Exhibit 3 at ¶ 8.

8. On January 19, 2022, the Palm Beach Sheriff's Office ("PBSO"), the agency responsible for effectuating the warrant, contacted the CCPD requesting assistance with executing the warrant as the probationer was in CCPD's jurisdiction and sent warrant packet to Sgt. McManus of the CCPD. *See* Exh. 1, Exh. 3 at ¶ 14 and McManus Affidavit at ¶¶ 4-6 attached hereto as Exhibit "5."

9. On January 20, 2022, the CCPD apprehended Plaintiff pursuant to the warrant. *See* Exh. 5 at ¶¶ 8-12.

10. The driver's license number on the warrant was one digit off from the date of birth listed on the warrant but otherwise, the information was a match for Plaintiff. *See* Exh. 2, Exh. 5 at ¶ 13 and Plaintiff's Driver's License attached hereto as Exhibit "6."

11. Prior to arresting Plaintiff, CCPD contacted PBSO to confirm the pertinent information in the warrant. *See* Exh. 5 at ¶ 17.

12. During his own investigation, a Detective Brown of PBSO sent (before any arrest of Plaintiff) Sgt. McManus of CCPD supporting documentation, including information from their LEO databases, which included in part the DAVID information of the driver's license information and picture that matched the Plaintiff as well as PALMS, a database used by law enforcement to confirm information in relation to a warrant. *See* Exh. 5 at ¶¶ 18-21, 25, 28-29.

13. Detective Brown included the DAVID and PALMS reports in the text message exchange which confirmed the driver's license number in the system. See Exh. 5 at 20, 21, 25.

14. In the documents sent by Detective Brown to Sgt. McManus, the driver's license number in DAVID and PALMS matched the number on the warrant which was obtained by Officer Norton when executing the affidavit for the warrant. See Exh. 5 at ¶ 20, 21, 25.

15. The picture sent by Sgt. McManus matched the picture in the warrant that was prepared by Officer Norton. *See* Exh. 5 at ¶ 28.

16. Based on PBSO Detective Brown's investigation for the arrest, PBSO told the CCPD officer that Plaintiff was "for sure him," that is, the subject fugitive of the warrant. *See* Exh. 1 and Exh. 5 at ¶ 32.

17. In reliance upon the instructions by PBSO, the CCPD arrested Plaintiff. *See* Exh. 1 and Exh. 5 at ¶ 35.

18. Before filing this lawsuit, Plaintiff considered suing PBSO but declined because "it would not stick." See Exh. 4 at 167:11-24.

19. After the arrest, PBSO referenced a "not him" notation in the PBSO report which was not communicated to Sgt. McManus on the day of the arrest. *See* Exh. 4 at 152:8-12; 166:24-25 to 167:1 and Exh. 5 ¶¶ 24 and 36.

20. Officer Norton did not see a "not him" notation in the file at the time she obtained the information from the LEO database for the warrant. *See* Exh. 3 at ¶ 11.

21. Plaintiff has no evidence that Norton saw the "not him" notation prior to Plaintiff's arrest or that the notation even existed. See Exh. 4 at 154:12-19 and 152:8-12, respectively.

22. Neither Officer Norton nor FDOC were contacted by the arresting officers at the time of the arrest. *See* Exh. 3 at ¶ 16.

23. Plaintiff has no evidence that Officer Norton was contacted by the arresting officers. *See* Exh. 4 at 138:25 to 139:1-8.

24. Plaintiff does not know what Officer Norton did in executing the affidavit for the warrant but assumed she made a mistake. *See* Exh. 4 at 152:8-16.

25. Officer Norton was not involved with the actual decision to arrest Plaintiff. *See* Exh. 3 at ¶ 15.

26. Plaintiff does not know who made the decision to arrest him. *See* Exh. 4 at 106:8-14; 129:21-25.

27. In her thirty-two years as a probation officer and following this same protocol she did for the subject warrant, a mistaken identity had never occurred prior to the case at bar with any driver's license information. *See* Exh. 3 at ¶ 17.

Respectfully submitted,

Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
Counsel for Defendant, Florida Department of Corrections
s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539
MEREDITH CHAIKEN
Florida Bar No. 87927

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

## SERVICE LIST

Michael D. Schutt, Esq.,
Fuentes Berrio Schutt
709 E. Hillsboro Blvd.
Deerfield Beach, FL 33441
e-mail: mike@fuentesberrio.com
paralegal@fuentesberrio.com
litigation@fuentesberrio.com
pleadings@fuentesbverrio.com

Joan Carlos Wizel, Esq.
Onier Llopiz, Esq.
Onier Llopiz, Esq.
1451 W. Cypress Creek Road, Suite 300
Ft. Lauderdale, FL 33309
e-mail: jcw@1-wfirm.com
admin@l-wfirm.com
ol@l-wfirm.com
gh@l-wfirm.com